U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

FILED

JUL 1 3 2012

CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| WALTER LUTZE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:12-CV-332-A |
| | § | |
| U.S. BANK, N.A., AS TRUSTEE, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
and
ORDER

The court has not been persuaded that it has subject matter jurisdiction over the above-captioned action.  Therefore, the court is ordering the action remanded to the state court from which it was removed.

I.

Background

This action was initiated on November 21, 2011, in the District Court of Tarrant County, Texas, 342nd Judicial District, as Case No. 342-256598-11 by the filing by plaintiff, Walter Lutze, of his original petition ("petition"), against defendant, U.S. Bank, N.A., as Trustee ("U.S. Bank").  Defendant removed the action to this court by notice of removal filed May 25, 2012. On June 29, 2012, pursuant to this court's order, defendant filed an amended notice of removal.  In its amended notice of removal,

defendant alleges that the court has subject matter jurisdiction because of complete diversity of citizenship between plaintiff and defendant and an amount in controversy exceeding the sum or value of $75,000.00, exclusive of interest and costs. See 28 U.S.C. § 1332(a).

In the prayer of his petition, plaintiff does not state a specific amount of damages. Nor is there any other statement of the amount of damages contained elsewhere in the petition. However, defendant contends that because plaintiff seeks an order transferring title of the property from U.S. Bank to plaintiff, the minimum amount in controversy can be based on the property value. Am. Notice of Removal at 4. In support of its position, defendant cites to legal authority standing for the proposition that when the right to property is in question, the value of the property constitutes the proper measure of the amount in controversy in an action such as this one. Id. Defendant further states, as an additional basis for the amount in controversy, that plaintiff holds $33,260.44 in equity in the property; that plaintiff may have an outstanding balance of $49,795.81 in unpaid mortgage payments; and that plaintiff is seeking attorney's fees as part of his recovery.

After having evaluated the pleadings, and after reviewing applicable legal authorities, the court remains unpersuaded that

2

the amount in controversy in this action exceeds the required amount.

## II.

### Basic Principles

The court starts with a statement of basic principles announced by the Fifth Circuit:

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove to federal court any state court action over which the federal district courts would have original jurisdiction.  "The removing party bears the burden of showing that federal subject matter jurisdiction exists and that removal was proper." Manguno v. Prudential Prop. Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2001).  "Moreover, because the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns, which mandate strict construction of the removal statute." Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365-66 (5th Cir. 1995) (citation omitted).  Any doubts about whether removal jurisdiction is proper must therefore be resolved against the exercise of federal jurisdiction.  Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th Cir. 2000).

To determine the amount in controversy for the purpose of establishing diversity jurisdiction, the court ordinarily looks

to the plaintiff's state court petition.  Manguno, 276 F.3d at

723.  If it is not facially apparent from the petition that the

amount in controversy is greater than $75,000.00, the removing

party must set forth summary judgment-type evidence, either in

the notice of removal or in an affidavit, showing by a

preponderance of the evidence that the amount in controversy

exceeds that amount.  Id.; Allen v. R & H Oil & Gas Co., 63 F.3d

1326, 1335 (5th Cir. 1995).

The amount in controversy is measured from the perspective

of the plaintiff.  Vraney v. Cnty. of Pinellas, 250 F.2d 617, 618

(5th Cir. 1958) (per curiam).  In an action for declaratory or

injunctive relief, the amount in controversy is the "value of the

object of the litigation," or "the value of the right to be

protected or the extent of the injury to be prevented."

Leininger v. Leininger, 705 F.2d 727, 729 (5th Cir. 1983).

III.

### The True Nature of Plaintiff's Claims

Plaintiff's petition does not specify a dollar amount of

recovery sought that is at least $75,000.00, nor does it define

with specificity the value of the right sought to be protected or

the extent of the injury sought to be prevented.  As a result,

the court has evaluated the true nature of plaintiff's claims to

determine the amount actually in controversy between the parties.

4

Plaintiff's petition appears to allege a claim for wrongful foreclosure, and seeks declaratory and injunctive relief, unspecified damages, and at least $2,000 in attorney's fees. After reviewing such petition, the court concludes that the true nature of this action is to prevent defendant from taking possession of the property pursuant to its foreclosure proceedings. As the petition alleges, plaintiff pursues that goal by seeking (a) an order barring any forcible detainer proceedings; and (b) a money judgment to compensate him for damages he has suffered, because defendant lacked proper authority to foreclose on the property and initiate forcible detainer proceedings.  The court has not been provided with any information from which it can determine that the value to plaintiff of such relief is greater than $75,000.00.

Defendant contends that the value of the property serves as the amount in controversy because plaintiff "is attempting to recover title to the Property." Am. Notice of Removal at 4. Defendant relies on the oft-cited argument that in such actions for injunctive relief where title to the property is the "'object of the litigation,' the value of the Property should be the appropriate measure of the amount in controversy." Id. at 4. Specifically, defendant states that the property value is $286,200, the tax appraisal value of the property provided by the

Tarrant County Appraisal District. Id. Alternatively, defendant argues that $166,600.00, the original principal amount of the note, could also constitute the property value. Id.

However, the court is not persuaded by the argument that either of these figures supplies the basis for plaintiff's interest in the property. Defendant does not cite to, nor can the court discern, any such statement to support a finding that the property value is the amount in controversy. That is, defendant's attribution of either one of these two property value figures as damages is an act of its own doing--not plaintiff's. To the extent that these statements suggest that the property value is the proper measure of the amount in controversy in this action, the court rejects that argument.[1]

The court also remains unpersuaded by defendant's other arguments as to the value of plaintiff's interest in the property. The fact that plaintiff may hold $33,260.44 in equity in the property, for instance, is not sufficient to meet the minimum jurisdictional threshold of $75,000.00. And the fact that plaintiff may have an outstanding balance of $49,795.81 in

---

[1] The court is familiar with the unpublished Fifth Circuit opinion, Nationstar Mortg. LLC v. Knox, 351 F. App'x 844 (5th Cir. 2009). The pertinent portion of Nationstar, in turn, relies on Waller v. Prof'l Ins. Corp., 296 F.2d 545, 547-48 (5th Cir. 1961). This court has previously explained its reasoning for finding Waller inapposite to determining the amount in controversy in cases such as the instant action. See Ballew v. America's Servicing Co., No. 4:11-CV-030-A, 2011 WL 880135 (N.D. Tex. Mar. 14, 2011).

unpaid mortgage payments, for instance, does not demonstrate that this figure is the amount in damages that plaintiff is seeking to recover.  Again, plaintiff has not alleged that the value to him of his interest in the property is equivalent to the outstanding balance on his mortgage.

Plainly, the sole goal of plaintiff's action is to avoid or delay a foreclosure sale and to retain possession of the property.  Nothing is alleged that would put a monetary value to plaintiff's accomplishment of those goals.  While plaintiff appears to request equitable relief based on a claim that he is not entitled to hold legal title in the property, he does not assert that such relief is based on a claim that he has outright ownership of the property, free of any indebtedness.  Indeed, plaintiff makes statements to suggest that his ownership of the property _is_ encumbered by a debt, or more precisely, a security lien.[2]  The value to plaintiff of his rights in the litigation is, at most, the value of his interest in the property, not the value of the property itself.[3]  Defendant therefore has not

---

[2] Plaintiff suggested in his petition that his ownership of the property is subject to a security lien placed by the deed of trust, and stated that in order to purchase his property, he was required to first execute a note and deed of trust. Am. Notice of Removal, Ex. A at 2-3, ¶¶ 8-10.

[3] In his petition, plaintiff alleged that because MERS "was never the true owner of the note," MERS "lacked the requisite legal authority to assign any interest in the Real Property to Defendant" U.S. Bank. See Am. Notice of Removal, Ex. A at 5, ¶ 15.  Like Ballew, plaintiff is "not challenging the

(continued...)

established the value of plaintiff's interest in the property.

Finally, defendant seems to suggest that a request for attorney's fees of $2,000 may support a finding that the amount in controversy is met. Id. at 6. This amount simply does not meet the jurisdictional threshold of $75,000.00. And, without an amount to serve as a basis for compensatory damages, the court cannot form any reliable estimate for any additional amount plaintiff could potentially recover for attorney's fees.

Thus, defendant has not proven by a preponderance of the evidence that the amount actually in controversy in this action exceeds the sum or value of $75,000.00, excluding interest and costs. Consequently, the court is remanding the case to the state court from which it was removed, because of the failure of defendant to persuade the court that subject matter jurisdiction exists.

---

(...continued)
validity of the notes or deeds of trust"; rather, he "merely disputes that defendant[] [is] the one[] having the right to enforce those documents." 2011 WL 880135 at *5.

IV.

<u>Order</u>

For the reasons given above,

The court ORDERS that the above-captioned action be, and is

hereby, remanded to the state court from which it was removed.

SIGNED July 13, 2012.

_____
JOHN McBRYDE
United States District Judge